### G. L. BOURBON *v.* MARTHA PORTER & OTHERS.

**Vendor and Purchaser—Notice of Deraignment of Title.**
> The purchaser of property, with notice of the deraignment of title, assumes the risk subsequent thereto.

**Same—Payment of Purchase Money.**
> Nor can he escape the payment of purchase money notes therefor, especially when he refuses a rescission of the contract, and seeks to stand on a warranty of title.

APPEAL FROM HOPKINS CIRCUIT COURT.

October 31, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The evidence in this case does not warrant the conclusion that Mrs. Porter "artfully concealed" from Bourland the true character of her title to the house and lot for which the notes sued on were executed, and when interrogated upon that subject, she promptly informed him that she derived title through her husband's will. And her acquiescence in the opinion expressed by her attorney as to the title vested in her by said will, was neither fraudulent nor artful.

Bourland having accepted a deed containing covenants of warranty, could make no available defense to the payment of the purchase price, unless he could show that his vendor was either a non-resident or insolvent. The latter fact was charged to exist, but there was not one word of evidence to sustain the allegation.

The judgment of the circuit court giving Bourland the right to rescind the contract of sale in case he chose to do so, was more favorable to him than he had the right to expect, and having declined to avail himself of that privilege he has no legal or

equitable ground of complaint at being compelled to pay the notes executed for the purchase money of the house and lot. Judgment affirmed.

*Waddell & Pratt, for appellant.*
*Drane, for appellee.*